IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELITE WHEEL DISTRIBUTORS, INC.,

    Plaintiff,                          Case No.:

vs.

ZHEJIANG AUTOM ALUMINUM
WHEEL CO., LTD.,

    Defendant.
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, Elite Wheels Distributors, Inc. ("Plaintiff"), by and through its undersigned attorneys, hereby sues Defendant, Zhejiang Autom Aluminum Wheel Co., Ltd. ("Defendant"), and in support thereof, respectfully states as follows:

**Nature of the Action; Jurisdiction, Venue, & Parties**

1. This is an action for breach of contract and negligent misrepresentation.

2. Plaintiff is and, at all relevant times, a corporation incorporated under the laws of the State of Florida, United States, having its principal place of business in the State of Florida, United States.

3. Defendant is an entity incorporated outside of the United States under, on information and belief, the laws of China, with a principal place of business in the State of Zhejiang, China.

1

4. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), based on complete diversity of citizenship between Plaintiff and Defendant, and because the amount in controversy in this action exceeds $75,000.

5. This Court has personal jurisdiction over Defendant pursuant to the Florida Long-Arm Statute, § 48.193. in particular, (1) Defendant entered into a contract with a Florida resident, Plaintiff, that Defendant breached by failing to perform payment obligations in and directed to Florida, and (2) Defendant committed tortious acts, as pled herein, against Plaintiff within and to Florida.

6. Venue is proper in this Court pursuant to either of 28 U.S.C. § 1391(b)(2) or (3), and 28 U.S.C. § 1391(c)(3).

**Facts Common to All Counts**

7. Plaintiff , including through its affiliated entities, is a Florida-based designer and distributor of steel/alloy wheels and rims.

8. Defendant is a Chinese manufacturer of steel/alloy wheels and rims.

9. Between circa 2021 and summer/fall 2023, Plaintiff and Defendant had an ongoing services relationship, in which Plaintiff provided Defendant certain proprietary designs (or "molds") of wheels and rims, which Defendant would manufacture for and ship to Plaintiff,

2

via a third party shipper, at agreed-on, customary unit prices and quantities, on order from Plaintiff.

10. At the time Plaintiff agreed to enter into an ongoing services relationship with Defendant in circa 2021, Defendant, from China and to Plaintiff in Tampa, Florida, made representations to Plaintiff that it had, at that moment, (1) the knowledge, experience, expertise, technology, processes, and facilities necessary to consistently and customarily supply Plaintiff with products that are of sufficient quality to render them distributable, suitable, and fit for their intended and particular purposes in Plaintiff's industry; and (2) standards and procedures in place to safeguard Plaintiff's proprietary designs/molds that were and would be provided to Defendant as part of the manufacturing process.

11. Including as a result of the above-pled representations by Defendant, Plaintiff determined to enter into an ongoing services relationship with Defendant.

12. Defendant and Plaintiff agreed and understood, at the time they entered into an ongoing business arrangement, and pursuant to each purchase order submitted by Plaintiff (including via its Chinese purchasing agent), and each invoice submitted by Defendant, that the products manufactured by Defendant for Plaintiff would be (1) manufactured and sold exclusively to Plaintiff, including by virtue of the products being manufactured pursuant to proprietary designs/mold owned and provided to Defendant by Plaintiff; and (2) of sufficient quality

to render them distributable, suitable, and fit for their intended and particular purposes in the wheel and rim industry.

13. Plaintiff and Defendant also agreed and understood that any products manufactured by Defendant for Plaintiff that were, in Plaintiff's judgment, defective, *i.e.*, not of sufficient quality to render them distributable, suitable, and fit for their intended and particular purposes, could be, at Defendant's election and expense, returned or disposed of by Plaintiff, and Plaintiff would receive a full refund for the purchase cost.

14. Between April and August 2023, as set forth in the invoices attached as Composite Exhibit A hereto, Plaintiff submitted orders for Defendant to manufacture wheels pursuant to Plaintiff's custom, proprietary designs and brands; a substantial portion of these products, on and after receipt by Plaintiff, were determined to be defective (including via conclusions reached by independent third party expert engineering tests and analysis), including because they were not fit to be sold/distributed to Plaintiff's customers.

15. Plaintiff expended substantial sums in connection with these orders, including: (1) $674,166.62, USD, paid to Defendant on behalf of Plaintiff in connection with the orders/invoices; (2) payments to and associated with third party freight shipping and delivery of the defectively manufactured products; (3) U.S. custom duties; (4) warehouse storage costs and fees to store the defective products; (5) costs associated with the testing and analysis of the defective products; and (6) funds expended by

Plaintiff as part of necessary recalls of the defective products that had reached retailers prior to discovery of defects.

16. Plaintiff informed Defendant of the above breaches circa fall 2023, but received no refund or credit, and in fact Defendant instead demanded full payment of its invoices.

17. After Plaintiff alerted Defendant to the manufacturing defects, Defendant kept and retained, and did not destroy, the balance of likely defective products it had manufactured but not yet shipped to Plaintiff pursuant to the April -August 2023 orders/invoices.

18. Thereafter, in or around early 2024, Plaintiff learned that Defendant – specifically in connection with the above-described balance of likely defective wheels that Defendant manufactured according to Plaintiff's proprietary designs/molds and had not yet shipped – was marketing and selling those wheels into other markets than the United States, including Australia and Asia, without Plaintiff's knowledge or authorization, to third parties. These products designed pursuant to Plaintiff's proprietary designs/molds were being marketed and sold into these markets by Defendant under brand names both identified with and unrelated to Plaintiff's wheel brands.

19. In light of all of the above, Plaintiff alleges the following causes of action:

## Count I
## Breach of Contract

20. Plaintiff hereby incorporates the allegations in paragraphs 1 through 19 as if fully set forth herein.

21. This cause of action seeks money damages against Defendant for breach of contract.

22. Plaintiff entered into an ongoing services arrangement with Defendant, which continued throughout 2021-23.  This arrangement included express and implied duties, warranties, and performance obligations for Defendant, including as set forth in purchase orders and invoices (including as attached as Composite Exhibit A hereto), and at paragraphs 12-13 herein.

23. Defendant materially breached its duties, warranties, and performance obligations to Plaintiff set forth in purchase orders and invoices attached as Composite Exhibit A hereto, and at paragraphs 12-13 herein, including via conduct pled at paragraphs 14-17 herein.

24. These breaches directly and proximately damaged Plaintiff, including as set forth at paragraph 15 herein.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant for compensatory and consequential damages, in an amount to be determined at trial, as well as interest, costs, and for such other relief as this Court may deem just and proper.

## Count II
## Negligent Misrepresentation

25. Plaintiff hereby incorporates the allegations in paragraphs 1 through 19, as if fully set forth herein.

26. This is a cause of action for negligent misrepresentation against Defendant.

27. Defendant made false statements concerning material facts, including as set forth in paragraph 10 herein.

28. Defendant believed these false statements to be true, but they were in fact false.

29. Defendant should have known these statements were false, and Defendant was therefore negligent, including as such statements were about or directly related to Defendant's own internal policies, procedures, and processes.

30. Defendant intended Plaintiff would rely on these false statements.

31. Plaintiff, who was aware that Defendant was in a position to have unique and superior knowledge of its own internal policies, procedures, and processes, justifiably relied on these false statements.

32. Plaintiff would not have agreed to its resulting conduct undertaken herein – including providing large orders and sums to Defendant, as well as access to its proprietary business information

(specifically, custom wheel designs/molds) – had it known the truth regarding each of these actually false statements made by Defendant.

33. Plaintiff, as a result of these actually false statements on which Defendant intended Plaintiff to reply, and on which Plaintiff did justifiably rely, suffered substantial damages.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant for compensatory and consequential damages, in an amount to be determined at trial, as well as interest, costs, and for such other relief as this Court may deem just and proper

### Count III
### Conversion

34. Plaintiff hereby incorporates the allegations in paragraphs 1 through 19, as if fully set forth herein.

35. This is a cause of action for conversion against Defendant.

36. Defendant asserted acts of dominion and control over tangible personal property of Plaintiff (in particular, Plaintiff's proprietary, custom wheel designs/molds), as identified at paragraphs 17-18, and this exercising of dominion and control (1) was wrongful; (2) was inconsistent with and to the detriment of the ownership and possessory rights of Plaintiff; (3) was never authorized by Plaintiff, (4) continued after Plaintiff made demand for return or destruction of that tangible personal property; and (5) encompassed conduct separate and independent from any contractual obligations between the parties, specifically Defendant's

unauthorized marketing and sale of products (physical objects, *i.e.*, wheels, in which Plaintiff's property was inextricably bound up, and which were most likely defectively manufactured) into non-U.S. markets via brand and trade names both associated and separate from Plaintiff and its brands.

37. Defendant, through these actions, have caused damages to Plaintiff.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant for compensatory and consequential damages, in an amount to be determined at trial, as well as interest, costs, and for such other relief as this Court may deem just and proper.

### Trial by Jury

Plaintiff requests trial by jury for all counts herein alleged so triable.

Dated:  November 3, 2025                                        Respectfully submitted,

/s/ *Leighton Leib*                                                              /s/ *David Knox*
LEIGHTON LEIB                                                          DAVID KNOX
Florida Bar No. 011926                                             Florida Bar No. 0093779
lleib@knoxleib.com                                                   dknox@knoxleib.com

**KNOX♦LEIB, PLLC**
514 N. Franklin Street, Ste 205
Tampa, Florida 33602
813.252.3622

*Attorneys for Plaintiff*